# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| LEROY BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:05-3271-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTH CAROLINA | ) | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF | ) | |
| TRANSPORTATION and CARL | ) | |
| CHASE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff, pro se, against the South Carolina

Department of Transportation (DOT) and the Building Manager for the DOT's Silas N. Pearman

Building.[1]  The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.,

on August 18, 2006.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on

August 22, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the

---

[1]Some of the documents in the file reflect that Elizabeth Mabry, Director of the DOT, may
have been intended to be a Defendant.  However, she is not currently on the pleadings, and Plaintiff
testified at his deposition that he did not know who Mabry was and that she had not done anything
wrong to him. Plaintiff's Deposition, p. 87.

1



need for him to file an adequate response. Plaintiff was specifically advised that if he failed to

respond adequately, the Defendants' motion may be granted, thereby ending his case. However,

notwithstanding the specific warning and instructions as contained in the Court's <u>Roseboro</u> order,

as well as an extension of time having been granted for Plaintiff to file a responsive memorandum,

Plaintiff has failed to file any memorandum in opposition to the Defendants' motion, which is now

before the Court for disposition.[2]

### **Background and Evidence**

Plaintiff asserts in his verified amended Complaint[3], <u>in</u> <u>toto</u>, as follows:

> Beginning in February 2004 and continuing, I have been subjected to discrimination
> on the basis of my disability (blind) and my race (African-American).  I have
> exhausted my administrative remedies by filing on August 19, 2004 with the office
> of Civil rights under Title III of the Civil Rights Act of 1964, Section 504 of the
> Rehabilitation Act of 1973 and other civil rights statues.  In addition, I filed a
> complaint alleging failure to accommodate under Section 1-13-90(A) of the South
> Carolina Human Affairs Law.  I have been constantly denied access to my place of
> employment through the use of my guide dog (seeing eye dog).  I was told by Carl
> Chase, Building Mgr that I could not bring my seeing eye dog into the facility.  I
> believe that I have been discriminated against for the above reasons and ask the
> court's relief.  In addition, my efforts to assist me in carrying out the duties and
> responsibilities of my job as a licensed blind vendor.  The SC Commission for the
> blind which has regulatory oversight of vending stands in public facilities was
> consulted and did little if any to protect me and my rights to perform my job.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
Rule 73.02(B)(2)(e), D.S.C.  The Defendants have filed a motion for summary judgment.  As this
is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro</u> <u>se</u> litigants are to be considered as affidavits and
may, standing alone, defeat a motion for summary judgment when the allegations contained therein
are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).  Plaintiff
has filed a verified Complaint.  Therefore, even though Plaintiff failed to file a response to the
motion for summary judgment, the undersigned has considered the factual allegations set forth in
the verified Complaint in issuing a recommendation in this case.



Plaintiff seeks monetary damages, as well as injunctive relief.  See generally, Verified Amended
Complaint.

In support of summary judgment in the case, the Defendant Carl Chase has submitted
an affidavit wherein he attests that he is the Assets Manager for the Defendant Department of
Transportation, and as such is responsible for the operations at the Silas N. Pearman Building in
Columbia.  Chase attests that, beginning in 2003, the Plaintiff began operating a vending business
in the basement of the Pearman Building through an agreement the DOT had with the South
Carolina Commission for the Blind.  A copy of this agreement is attached to Chase's affidavit.
Chase attests that Plaintiff was not employed by the Department of Transportation, that he did not
report to anyone at the Department of Transportation, and that he [Chase] had no supervisory
authority over the Plaintiff.

Chase attests that he received complaints from DOT employees regarding the
cleanliness of the Plaintiff's canteen, the quality of the food, the rudeness of canteen employees, and
the presence of children in the canteen working area.  Chase attests that he also was concerned that
Plaintiff and his staff did not know the proper evacuation routes for the Pearman Building in case
of an emergency.  Because he did not supervise the Plaintiff, Chase attests that he contacted the
Commission for the Blind to let them know about these issues, and subsequently met with Dale
Marini (an employee of the Commission for the Blind) and the Plaintiff to address these issues.
Chase attests that Plaintiff tape recorded this conversation.

Chase attests that Plaintiff never made any request to him at any time to bring his
seeing eye dog to the Pearman Building.  Chase also attests that often, when he was at the canteen,
he noticed that Plaintiff was not there during business hours, and that on two occasions when he



inquired where the Plaintiff was, an employee (believed to be Plaintiff's daughter) said he could speak to Plaintiff on her cell phone. Chase attests that on both occasions the daughter dialed a number and handed him her cell phone, and that he then spoke to the Plaintiff on the cell phone. Chase attests that on no occasion did he ever threaten the Plaintiff, nor treat him in any hostile manner. See generally, Chase Affidavit with attached Exhibit.

The Defendants have also submitted as an exhibit a copy of a South Carolina Human Affairs Commission (SCHAC) discrimination complaint form, as well as an excerpt from Plaintiff's deposition.

## Discussion

In his Complaint Plaintiff claims that he has been discriminated against on the basis of his disability (he is blind) and his race (he is African-American). Plaintiff asserts these claims under Title III of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, and Section 1-13-90(A) of the South Carolina Human Affairs Law. Plaintiff also alleges in his Complaint that he has exhausted his administrative remedies under "other civil rights statutes", although those are not identified.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally

4



construing a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially

meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the

requirement of liberal construction does not mean that the Court can ignore a clear failure in the

pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of

a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387

(4th Cir. 1990). Here,  after careful review and consideration of the allegations of the Complaint and

the evidence presented by the Defendants, the undersigned finds and concludes that the Defendants

are entitled to summary judgment in this case.

First, Plaintiff no longer works in the Pearman Building.  Rather, in 2005 he

submitted a bid to the Commission for the Blind to operate a canteen at the United States Postal

Service facility in Cayce, South Carolina, he was awarded that bid, and he now operates a canteen

at that cite. <u>Plaintiff's Deposition</u>, p. 18.  Therefore, to the extent Plaintiff seeks any injunctive relief

against the Defendants, his claim is moot. *Cf.* <u>Sutton v. Evans</u>, 845 F.Supp. 1192, 1195 (M.D.Tenn.

1994) [Claims for injunctive relief were moot where employees had retired and no longer worked

there]; <u>DeNovell v. Kelley</u>, 135 F.3d 58, 66 (1st Cir. 1998) [same]; <u>Clark v. Alabama</u>, 141 Fed.Appx.

777, 789-790 (11th Cir. 2005).

Next, to the extent Plaintiff is attempting to sue the Defendant Department of

Transportation for discrimination under 42 U.S.C. § 1983, that Defendant is entitled to dismissal

with respect to any such claims on the basis of Eleventh Amendment immunity.  <u>Pennhurst State</u>

<u>School & Hospital v. Halderman</u>, 465 U.S. 89, 99 (1984); <u>Will v. Michigan Dep't of State Police</u>,

491 U.S. 58, 66, 71 (1989); <u>Bellamy v. Borders</u>, 727 F.Supp. 247, 248-250 (D.S.C. 1989); <u>Coffin</u>



5

v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v.

South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

        As for the Defendant Chase, to the extent Plaintiff is suing this Defendant in his

individual capacity for damages under § 1983, any claims against this Defendant for race

discrimination are subject to dismissal because Plaintiff has failed to make any allegations

whatsoever, factual or otherwise, regarding race discrimination in his verified Complaint. Rather,

Plaintiff simply states that he is an African American, and that as such he believes he has been

discriminated against, without providing any factual basis for this claim. Morgan v. Church's Fried

Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["even though pro se litigants are held to less stringent

pleading standards than attorneys, the Court is not required to 'accept as true legal conclusions or

unwarranted factual inferences'"]. The only race based claim alluded to by the Plaintiff in his

deposition was that, on one occasion, he "heard somebody in the building say they had a 'n....' in

the canteen."  Plaintiff's Deposition, p. 89.  However, Plaintiff did not know who this person was

or when exactly this event occurred, and offered no other evidence to support a claim of race

discrimination against Chase. *Cf.* Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.

1986)["(Plaintiff's) conclusory allegations of racial discrimination are not sufficient to establish

liability."]; Jaffe v. Federal Reserve Bank of Chicago, 586 F.Supp. 106, 109 (N.D.Ill. 1984) [A

plaintiff "cannot merely invoke his race in the course of the claim's narrative and automatically be

entitled to pursue relief"]; Buford v. Sutten, No. 04-959, 2005 WL 756092 at * 3 (W.D.Wis. Mar.

29, 2005)["An individual seeking relief on a claim of race discrimination under the equal protection

clause must allege facts suggesting that a person of a different race would have been treated more

6



favorably."](citing <u>Jaffe v. Barber</u>, 689 F.2d 640, 643 (7th Cir. 1982)).  Hence, any such claim against the Defendant Chase should be dismissed.

Nor has Plaintiff presented any evidence to show that Chase discriminated against him on the basis of his disability.  Plaintiff has presented no evidence to dispute Chase's sworn statement that he had received complaints from DOT employees about Plaintiff's service and the cleanliness of his operation, while a review of the transcribed tape recorded conversation that occurred between Plaintiff and Chase during the meeting they had with Marini (set forth on pages 43-63 of Plaintiff's deposition transcript) confirms that the discussion centered on the operation of Plaintiff's business, the presence of children in the work area and the canteen, as well as Plaintiff's and his employees' knowledge of the proper procedures to evacuate the building in case of a fire. While this transcription does reflect that Chase asked questions regarding the propriety of using of a seeing eye dog in food preparation areas, Defendants correctly note that Chase never told Plaintiff he could not use his seeing eye dog in the Pearman Building. <u>Plaintiff's Deposition</u>, pp. 40, 72.[4] The undersigned can discern no discriminatory animus on the part of Chase or anyone else in this evidence.  <u>Morgan</u>, 829 F.2d at 12 ["even though <u>pro se</u> litigants are held to less stringent pleading standards than attorneys, the Court is not required to 'accept as true legal conclusions or unwarranted factual inferences'"]; <u>see also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.];  <u>House v. New Castle County</u>, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

---

[4]The transcript further reflects that Marini had recommended that Plaintiff use his cane instead of a dog;  <u>Plaintiff's Deposition</u>, pp. 52-53; and Plaintiff testified that he operates his new canteen at the postal facility without the use of a guide dog.  <u>Plaintiff's Deposition</u>, p. 93.



Liberally construed, Plaintiff's Complaint could be read as asserting a claim under the Americans with Disabilities Act.[5]  However, Plaintiff has not set forth any evidence of discrimination by the Defendant DOT under that statute.[6]  As set forth in his Complaint, Plaintiff alleges that he was "constantly denied access to [his] place of employment through the use of [his] guide dog (seeing eye dog).  I was told by Carl Chase, Building Mgr. that I could not bring my seeing eye dog into the facility."  However, Plaintiff testified at his deposition that the only conversation he ever had with Chase regarding his guide dog occurred during their meeting with Marini. <u>Plaintiff's Deposition</u>, p. 71. Nowhere during that conversation (transcribed on pages 43-63

---

[5]In his Complaint, Plaintiff references "Title III" of the Civil Rights Act of 1964 as well as Section 504 of the Rehabilitation Act of 1973.  It can be presumed that Plaintiff may have been intending to refer to Title III of the ADA, 42 U.S.C. § 12181, <u>et</u>. <u>seq</u>..  However, that section deals with public accommodations and services operated by private entities, and neither the Department of Transportation nor the Commission for the Blind is a private entity. Further, to the extent the Plaintiff is attempting to bring a claim against the Defendant Department of Transportation for monetary damages under Title I of the ADA, 42 U.S.C. § 12101, <u>et</u>. <u>seq.</u>, any such claim is barred by the Eleventh Amendment. <u>Board of Trustees of University of Alabama v. Garrett</u>, 531 U.S. 356 (2001). However, Title II of the ADA, 42 U.S.C. § 12131, <u>et</u>. <u>seq.</u>, deals with public services. Therefore, out of an abundance of caution, and in consideration of Plaintiff's <u>pro se</u> status, the undersigned has considered Plaintiff's claim under that Title of the ADA. *Cf.* <u>Constantine v. The Rectors and Visitors of George Mason University</u>, 411 F.3d 474, 486-490 (4th Cir. 2005).

As for the Rehabilitation Act, that Act provides that "[n]o otherwise qualified individual with a disability in the United States,...shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....".  29 U.S.C. § 794(a).  The Defendant DOT does not appear to contest that it receives federal financial assistance. <u>See</u> <u>also</u> <u>Constantine</u>, 411 F.3d at 497-498.  Nevertheless, since the caselaw interpreting the Rehabilitation Act and the ADA apply the same substantive standards for determining liability; <u>Myers v. Hose, et al.</u>, 50 F.3d 278, 281 (4th Cir. 1995); <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 268 (4th Cir. 2001); the analysis set forth hereinabove with respect to Plaintiff's claim under the ADA applies equally to any claim being asserted under the Rehabilitation Act.

[6]The Defendant Chase is not subject to individual liability under the ADA or the Rehabilitation Act. <u>Baird v. Baird</u>, 192 F.3d 462, 472 (4th Cir. 1999); <u>Brockington v. Bethea Baptist Retirement Community</u>, No. 04-216, 2006 WL 2583751 at * 8 (D.S.C. Sept. 7, 2006); <u>Hiler v. Brown</u>, 177 F.3d 542, 545-546 (6th Cir. 1999).

8



of Plaintiff's deposition) does Chase tell the Plaintiff he could not bring his seeing eye dog into the

Pearman Building.  Additionally, Plaintiff also testified at his deposition that he never made a

request of Chase or anyone else at the Department of Transportation concerning his guide dog.

Plaintiff's Deposition, pp. 40, 72.  No inference of disability discrimination is contained in this

evidence.[7]

        Finally, to the extent that either of these Defendants is subject to suit in federal court

under Plaintiff's South Carolina Human Affairs Law claim, this claim would be evaluated under the

same standards as are used for evaluating Plaintiff's claim under the ADA or Title VII. See  Orr v.

Clyburn, 290 S.E.2d 804, 806 (S.C. 1982); Tyndall v. National Education Centers, 31 F.3d 209 (4th

Cir. 1994); S.C. Code Ann. & 1-13-10 et al (2003); *cf.* Cromer v. Greenwood Com'n of Public

Works, No. 92-CP-24-392, 1993 WL 328182, *4 (S.C.Com.Pl. Feb. 3, 1993) ["The court notes that

its ruling accords with the interpretation of federal employment discrimination laws upon which our

state employment discrimination laws are modeled."]. Therefore, the analysis set forth herein with

respect to Plaintiff's claim under the ADA and/or Title VII also applies to any claims Plaintiff has

asserted under the South Carolina Human Affairs Law.

### Conclusion

        Based on the foregoing, it is recommended that the Defendants' motion for summary

---

[7]It could also be possible that Plaintiff has intended to bring a claim of employment
discrimination against the Defendants based on Title VII of the Civil Rights Act of 1964, 42 U.S.C.
§ 2000e, et. seq., for race discrimination.  However, there is no evidence before the Court to show
that Plaintiff was an employee of the Department of Transportation such that he could bring an
employment discrimination suit against that entity under this statute.  Chase Affidavit, with attached
Exhibit; Plaintiff's Deposition, pp. 18-20, 24; Aberman v. J. Abouchar & Sons, Inc., 160 F.3d 1148
(7th Cir. 1998); Birchem v. Knights of Columbus, 116 F.3d 310 (8th Cir. 1997).



judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 29, 2006



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

